UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMAR JEWELL DIXON, JR., | No. 2:19-cv-1966-EFB P |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). The court screened the amended complaint on April 28, 2020 and found that plaintiff had failed to state a cognizable claim against any defendant. ECF No. 15. The court provided plaintiff with an opportunity to file a second amended complaint, which he has done. ECF No. 18.

I.  Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.  Plaintiff's Allegations

Plaintiff names seven defendants who were allegedly involved in the violation of his rights through the creation and use of a document (or documents) falsely accusing him of smuggling drugs into Mule Creek State Prison ("MCSP"): (1) then-Warden Joe Lizarraga, (2) Investigative Services Unit Officer Daniel Navarro, (3) Investigative Services Unit Officer Palomares, (4) Facility A Captain C. Heintschel, (5) Correctional Counselor G. McCarthy, (6) Investigative Services Unit Officer K. Staley, and (7) Appeals Examiner R. Briggs.

/////

2

The complaint presents facts in a disorganized, nonlinear fashion. The court can piece together, however, that plaintiff's claims center around his discipline and prosecution for conspiracy to introduce controlled substances into MCSP in mid-2018. According to plaintiff, in July 2018, defendant Lizarraga authorized MCSP Investigative Services Unit officers to investigate plaintiff for "conspiracy to introduce controlled substances into the institution for purposes of distribution." On August 11, 2018, plaintiff's visitor was discovered to have bindles of controlled substances. The same day, defendant K. Staley submitted felony charges against plaintiff to the Amador County District Attorney's Office. Staley wrote, presumably in the charging document or some other report, that plaintiff's visitor had told prison staff, "I'm just going to let you know right now that I do have something . . . I don't know what it is, but I do have something." She then turned over two blue bindles to defendant Daniel Navarro. Staley received a notice from the District Attorney that it had accepted the charges at the end of August, but did not notify plaintiff of this fact.

Plaintiff accuses defendants of basing their decisions on false information, but is not clear what precisely plaintiff alleges to have been false. He accuses defendant Navarro of creating a report on August 11, 2018 which indicated that prison authorities had confiscated "two bindles of suspected controlled substances" rather than "one bindle containing two smaller bindles." Plaintiff does not specify whether the information about contraband was entirely false or whether only the number of bindles was false.

Plaintiff acknowledges that he was issued a notice of placement in administrative segregation, authored by defendant Palomares on August 11, 2018. Plaintiff claims that Palomares knowingly placed the false information in that document. Plaintiff also alleges that defendant C. Heintschel "signed and produced a false document containing false information used to remove this plaintiff from General Population on August 11, 2018." It is not clear whether Heintschel prepared a separate document or signed the document prepared by Palomares.

As a result of the charges against plaintiff, defendant D. Stephens held a classification committee meeting regarding plaintiff's removal from general population on August 16, 2018.

/////

3

Plaintiff accuses Stephens of "recording false information" – the same information about the bindles of controlled substance – in the documents memorializing the committee meeting.

Plaintiff claims that Staley knew that information in an August 16, 2018 housing classification document presumably prepared by the committee – that plaintiff's visitor was found in possession of one bindle containing two smaller bindles" of contraband – was false but she nevertheless signed the document. Staley also knew that the false information was being used to keep plaintiff in segregated housing.

Defendant G. McCarthy reviewed an appeal apparently filed by plaintiff with regard to the contraband incident at the first level of review on December 28, 2018.  In doing so, McCarthy relied on the "false" information that plaintiff's visitor was searched and one bindle containing two smaller bindles of suspected controlled substances was found.

Defendant R. Briggs reviewed the appeal at the third level of review.  Plaintiff's allegations against Briggs are unclear because he does not provide certain background facts.  For example, he claims that Briggs violated his constitutional rights because he "cannot dispute any facts that disproves a narcotic field test, NIK test is not enough to issue" an RVR, but he does not explain what a narcotic field test or NIK test are or how they are relevant to the case.

Plaintiff alleges that, on January 3, 2019, Lizarraga "was a party to the production of false documentary evidence used to keep the plaintiff retained in Administrative Segregation." Plaintiff states that Lizarraga "allowed Criminal charges to be charged against plaintiff without a Rules Violation Report (RVR 115) being issued detailing any crime committed by the plaintiff" as CDCR policy required.  But plaintiff later states that defendant Navarro wrote in a January 24, 2019 RVR that plaintiff and his visitor had been involved in a conspiracy to distribute controlled substances at the prison.  (Apparently, prison officials told plaintiff that there was a delay between the incident and the issuance of the RVR because they were waiting for a toxicology report.)  Navarro provided his subordinate, defendant Palomares, the false information to justify plaintiff's retention in administrative segregation.

/////

/////

4

Plaintiff states that he was "assessed a SHU term, lost credit, transferred, and [assessed a] loss of visits for 3 years." Plaintiff provides no further information concerning his criminal prosecution.

III. Analysis

From what the court can tell, plaintiff believes that defendants violated his rights under the U.S. Constitution by (1) using false information to place him in administrative segregation, assess him a SHU term, loss of visits, and loss of unspecified credits, and (2) failing to provide him with *Miranda* warnings, an RVR, or counsel before assessing him a SHU term. Plaintiff also alleges that defendants violated a number of California Penal Code sections and state prison regulations. These claims fail as currently articulated for the reasons that follow.

Plaintiff's claims that defendants violated provisions in the Penal Code and prison regulations fail. "Section 1983 does not provide a cause of action for alleged violations of state law." *Pototsky v. Napolitano*, 210 F. App'x 637, 637 (9th Cir. 2006), *see also Lovell by & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, section 1983 offers no redress.").

Plaintiff's claim that prison officials did not provide counsel before he was assessed a SHU term also fails. Prisoners are not entitled to counsel in prison disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 570 (1974).

Plaintiff's claim that prison officials did not provide him with *Miranda* warnings prior to assessing him a SHU term fails because there is no action for damages under § 1983 for failure to provide such warnings. *Chavez v. Martinez*, 538 U.S. 760, 772 (2003).

Plaintiff's claims that he was not provided an RVR before he was assessed a SHU term and that defendants disciplined him based on false information fail because plaintiff has not alleged facts that show that the discipline, including the SHU term, presented an atypical and significant hardship in relation to the ordinary incidents of prison life. *Smith v. King*, No. Civ S-04-0702 MCE EFB P, 2007 U.S. Dist. LEXIS 7702, at *8-9 (E.D. Cal. Feb. 2, 2007). The constitutional guarantee of due process prior to government action applies to interests

encompassed by the Fourteenth Amendment's protection of liberty and property. *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972)). In *Sandin v. Conner*, the Supreme Court held that a prisoner possesses a liberty interest under the federal Constitution when a change occurs in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995). *Sandin* requires a factual comparison between the conditions of the prisoner's confinement prior to the discipline with the disciplinary conditions. *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). Plaintiff has not provided any facts from which the court can make this comparison.

In addition, it appears from the complaint that plaintiff was potentially assessed a forfeiture of good conduct credits in connection with his discipline for conspiracy to bring contraband into the prison. To the extent that success on any claim plaintiff wishes to pursue would necessarily imply the invalidity of the discipline (and thus necessitate the restoration of forfeited time credits), such claim is barred by the rule of *Heck v. Humphrey* unless plaintiff can demonstrate that the discipline has been invalidated through another proceeding (for example, the granting of a habeas petition). 512 U.S. 477, 486-87 (1994).

For the reasons stated above, plaintiff has failed to plead a cognizable claim against any defendant. The court will provide plaintiff with one final opportunity to amend the complaint to attempt to state a cognizable claim. Plaintiff was admonished in the court's prior screening order that his complaint was too vague and conclusory. ECF No. 15 at 2. The court faulted plaintiff for failing to explicitly state what charges were brought against him, where he was tried for the charges, whether he was convicted, and, if so, what his punishment was. *Id.* While plaintiff has included some additional facts in the second amended complaint, it is still difficult to understand the narrative of what happened and what each defendant did (rather than plaintiff's conclusions about defendants' legal violations). Plaintiff is advised to attempt a coherent and linear recitation of the facts that underly his claims (that is, who did what and when they did it), rather than stating legal conclusions.

/////

/////

He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a).

IV.  Order

Accordingly, it is ORDERED that the complaint is dismissed with leave to file an amended complaint within 30 days from the date of service of this order.  The amended complaint must bear the docket number assigned to this case and be titled "Third Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for

/////

/////

failure to state a claim and/or failure to prosecute.  If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED:  August 27, 2020.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE