UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMAR JEWELL DIXON, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA, *et al*.,<br><br>Defendants. | Case No. 2:19-cv-01966-JDP (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS TO DISMISS THE CASE WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>ECF No. 22 |

Plaintiff Delmar Jewell Dixon, Jr. is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. His third amended complaint, ECF No. 22, is before the court for screening. He alleges that the six named defendants violated his constitutional rights by generating and providing false information that was used to charge and convict him in California state court of conspiracy to possess contraband in violation of California Penal Code § 182, subd. (a)(1). ECF No. 22 at 8. Plaintiff does not allege that his state criminal conviction has been reversed or overturned. Accordingly, his claims of "false information" that bear on his conviction are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Further, plaintiff's claims regarding: (1) defendants' provision of false information regarding a crime he was not convicted of; (2) defendants' failure to read him *Miranda* warnings; (3) defendants' failure to provide him with counsel during prison disciplinary proceedings; and

1

(4) defendants' violations of prison regulations and the state penal code do not state viable constitutional claims.

## Screening and Pleading Requirements

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). At screening, we must identify cognizable claims and dismiss "any portion of the complaint" that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Discussion

### A. False Information Bearing on Conviction

*Heck* states that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,

2

> a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote and citation omitted). Here, plaintiff appears to allege that defendants generated and provided false information that state prosecutors relied on in obtaining his conviction. ECF No. 22 at 8 ("Information provided by Joe Lizarraga and all defendants from Mule Creek State Prison was used by [the] Amador District Attorney's Office to file felony charges."). Plaintiff has not alleged that the relevant conviction has been overturned. Thus, any claim relating to false information that underlies his conviction and was provided by defendants cannot proceed.

    B.  False Information Related to Distribution of Drugs

    Plaintiff complains that defendant Navarro falsely accused him of intending to distribute drugs in a rules violation report. *Id.* at 10-11. He emphasizes that he was convicted of conspiracy to obtain drugs but not of conspiracy to distribute them within the prison. *Id.* at 10 ("[Defendant] Daniel Navarro only can prove that the plaintiff wanted to obtain drugs from his alleged co-conspirators, not that his intent was to sell them."). However, the filing of a false rules violation report does not, standing alone, offend the constitution. *See, e.g.*, *Ellis v. Foulk*, No. 14-cv-0802 AC P, 2014 U.S. Dist. LEXIS 131831, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in *Wolff v. McDonnell*.'") (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)); *Solomon v. Meyer*, No. 11-cv-02827-JST (PR), 2014 U.S. Dist. LEXIS 9865, 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing *Chavira v. Rankin*, No. C 11-5730 CW (PR), 2012 U.S. Dist. LEXIS 167423, 2012 WL 5914913, at *1 (N.D. Cal. Nov. 26, 2012)).

    Plaintiff does claim that the false information regarding his intent to distribute drugs was used to keep him in administrative segregation. ECF No. 22 at 4. He has not sufficiently alleged,

1  however, that the disciplinary proceedings that led to his placement in administrative segregation
2  were constitutionally inadequate. *See Gadsden v. Gehris*, No. 20-cv-0470-WQH (DEB), 2020
3  U.S. Dist. LEXIS 177509, *25, 2020 WL 5748094 (S.D. Cal. Sept. 25, 2020) ("The allegation of
4  the filing of false disciplinary charges by itself does not state a claim under 42 U.S.C. § 1983
5  because federal due process protections are contained in the ensuing disciplinary proceedings
6  themselves."). Neither has he made allegations about the length of time that he was kept in
7  administrative segregation. Under the Supreme Court's decision in *Sandin v. Conner*, only
8  "atypical, significant deprivation[s]" create liberty interests. 515 U.S. 472, 485-86 (1995).
9  Courts in this circuit have found that even lengthy stays in administrative segregation sometimes
10 do not amount to an atypical, significant deprivation. *See, e.g.*, *Rodgers v. Reynaga*, No. CV 1-
11 06-1083-JAT, 2009 U.S. Dist. LEXIS 81306, at *7, 2009 WL 621130 (E.D. Cal. Jan. 8, 2009)
12 ("Plaintiff's placement in administrative segregation for five months was not an atypical and
13 significant hardship."); *Williams v. Foote*, No. CV 08-2838-CJC (JTL), 2009 U.S. Dist. LEXIS
14 81598, *29-34 (C.D. Cal. Apr. 30, 2009) (no protected liberty interest where prisoner was housed
15 in administrative segregation for 701 days) (adopted at *Williams v. Foote*, No. CV 08-2838-CJC
16 (JTL), 2009 U.S. Dist. LEXIS 46676, 2009 WL 1520029 (C.D. Cal. May 28, 2009)).

17       C.      Defendants' Failure to *Mirandize* and Provide Counsel in Disciplinary Proceedings
18       Plaintiff claims that defendants violated his rights by failing to read him a *Miranda*[1]
19 warning prior to his arrest or at "anytime during [his] case." ECF No. 22 at 6. To the extent that
20 plaintiff argues that his state criminal conviction is flawed because of defendants' alleged failure
21 to provide a *Mirandize* warning, that claim is *Heck*-barred. He may raise that claim, if at all, in a
22 petition for a writ of habeas corpus. And to the extent that he argues that defendants were
23 required to *Mirandize* him in connection with any prison disciplinary proceedings, that claim
24 fails. *See Chavez v. Martinez*, 538 U.S. 760, 772 (2003) (no section 1983 liability for failure to
25 provide *Miranda* warnings); *see also Lopez v. Swarthout*, NO. CV 09-0829-R (FMO), 2011 U.S.
26
27
28     [1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

4

1    Dist. LEXIS 51845, *32, 2011 WL 1832710 (C.D. Cal. Feb. 22, 2011) ("[T]here is no per se rule

2    that any questioning conducted inside a prison setting requires a *Miranda* warning.").

3        Similarly, there is no right to counsel in prison disciplinary proceedings. *Wolff v.*

4    *McDonnell*, 418 U.S. 539, 570 (1974). If plaintiff is alleging that his right to counsel was

5    violated with respect to his state conviction, that claim is *Heck*-barred and must be raised in a

6    petition for a writ of habeas corpus.

7        D.    Violations of Prison Regulations and the State Penal Code

8        As stated in the prior screening order, there is no section 1983 liability for violations of

9    state law. *See Lovell by & Through Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th

10   Cir. 1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-

11   created interest that reaches beyond that guaranteed by the federal Constitution, section 1983

12   offers no redress.").

13       E.    Further Amendment

14       I find that further opportunities for amendment are not warranted. While the Federal

15   Rules of Civil Procedure offer a policy of liberal amendment, "liberality in granting leave to

16   amend is subject to several limitations," and "need not be granted where the amendment of the

17   complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an

18   exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d

19   1149, 1160 (9th Cir. 1989). In addition, a "district court's discretion to deny leave to amend is

20   particularly broad where plaintiff has previously amended the complaint." *Id*. Here, plaintiff has

21   already been given multiple chances to amend and has failed to state a cognizable claim each

22   time. Further amendment thus appears futile.

23       It is ORDERED that the Clerk of Court shall assign a district judge to rule on these

24   findings and recommendations.

25       For the reasons above, the court RECOMMENDS that this case be dismissed with

26   prejudice for plaintiff's failure to state a claim. This recommendation will be submitted to a U.S.

27   district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within

28   thirty days of the service of these findings and recommendations, the parties may file written

objections with the court and serve a copy on all parties.  That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    November 18, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE