UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMAR JEWELL DIXON, Jr., | No. 2:19-cv-1966 KJM JDP (PC) |
| Plaintiff, | |
| v. | ORDER |
| JOE LIZARRAGA, et al., | |
| Defendants. | |

     Plaintiff, an incarcerated person proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     Plaintiff has filed four complaints. Plaintiff amended the first complaint as of right. *See* First Am. Compl., ECF No. 10. Plaintiff amended his complaint twice more when the original magistrate judge screened plaintiff's complaint for failure to state a claim but granted leave to amend to cure deficiencies. *See* Order (April 28, 2020), ECF No. 15; Second Am. Compl., ECF No. 18; Order (August 27, 2020), ECF No. 20; Third Am. Compl., ECF No. 22.

     On November 18, 2020, the current magistrate judge filed findings and recommendations (F&Rs) related to plaintiff's third amended complaint, which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be

1  filed within thirty days.  F&Rs, ECF No. 24.  Plaintiff has filed objections to the findings and
2  recommendations.  Objections, ECF Nos. 29, 30.

3     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
4  court has conducted a *de novo* review of this case.  For the reasons explained below, the court
5  adopts the magistrate judge's findings and recommendations except for the following excerpts:
6  3:27–4:16 and 5:13–22.

7     Federal courts must preliminarily screen any case in which an incarcerated person seeks
8  redress from a governmental officer or employee.  *See* 28 U.S.C. § 1915A(a).  A court must
9  dismiss an imprisoned person's complaint if the action "is frivolous or malicious, fails to state a
10 claim on which relief may be granted, or seeks monetary relief against a defendant who is
11 immune from such relief."  28 U.S.C. § 1915(e)(2).  A court dismisses a complaint for failure to
12 state a claim using the same standard set forth in Federal Rule of Civil Procedure 12(b)(6).
13 *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). "In determining whether a complaint
14 states a claim, all allegations of material fact are taken as true and construed in the light most
15 favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).
16 "Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of
17 the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112.  When the petitioner is *pro*
18 *se,* especially in civil rights cases, the court has an obligation to "construe the pleadings liberally
19 and to afford the petitioner the benefit of any doubt." *Byrd v. Phoenix Police Dep't*, 885 F.3d 639,
20 642 (9th Cir. 2018).

21    Here, the court cannot find that the plaintiff ultimately "cannot prove any set of facts in
22 support of [a] claim that would entitle him to relief," *Watison,* 668 F.3d at 1112, with respect to
23 his due process claim.[1]  Plaintiff alleges he received a prison rules violation, which resulted in a
24 loss of privileges, time in administrative segregation, a SHU term, and potentially also a loss of

---

[1] As the magistrate judge notes, plaintiff's complaint is at times difficult to follow.  However, liberally construed, the court finds plaintiff has raised a due process claim regarding the allegedly unconstitutional procedures that resulted in his potentially unconstitutional administrative segregation.  *See* Third Am. Compl. at 6 (fact 37), 18 (fact 16), 20 (facts 11, 13), 21 (fact 20), 24 (facts 19, 20).

2

good time credits. *See* Third Am. Compl. at 6, 18, 20.  While it is correct an incarcerated person's due process rights are only implicated when facing an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life[,]" plaintiff's complaint contains sufficient information for plaintiff to proceed with his claim that his alleged experience fits within those restrictive parameters.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Again, petitioner may ultimately not be able to meet the high bar set by *Sandin*, but the court does not believe it is sufficient to simply note that "lengthy  stays in administrative segregation sometimes do not amount to an atypical, significant deprivation," as a basis for concluding plaintiff cannot plead a claim here.  *See* F&Rs at 4:9-16.

   In the interest of efficiency, the court directs plaintiff's third amended complaint and most recent findings and recommendations to be served on defendant Senior Assistant Attorney General, Monica Anderson, along with this order.  Ms. Anderson will inform the court within 21 days whether she will accept service on behalf of all defendants for the purpose of answering the complaint.  If Ms. Anderson agrees, in her responsive filing she shall attach the relevant rules violation report.

   Accordingly, IT IS HEREBY ORDERED that:

   1.  The findings and recommendations filed November 18, 2020, are adopted in part as to plaintiff's Ex Post Facto claim, Sixth Amendment claim, Eighth Amendment and Equal Protection Clause claims but otherwise denied.

   2.  The Clerk of Court is directed to serve plaintiff's third amended complaint, ECF No. 22, the magistrate judge's most recent findings and recommendations, ECF No. 24, and this order on Monica Anderson, Senior Assistant Attorney General.

   3.  Ms. Anderson shall inform the court within  21 days whether she will accept service on behalf of all defendants for the purpose of answering the remaining due process claim in the plaintiff's operative complaint.

   4.  This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

DATED:  September 30, 2021.

CHIEF UNITED STATES DISTRICT JUDGE