UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMAR JEWELL DIXON, Jr.,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL NAVARRO,[1]<br><br>Defendant. | Case No. 2:19-cv-01966-KJM-JDP (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL<br><br>ECF No. 33 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He has filed a motion that request that he be appointed counsel. ECF No. 33.

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the

---

[1] This action proceeds on the third amended complaint's due process claim against defendant Daniel Navarro. ECF No. 22; *see* ECF No. 31. Accordingly, the Clerk of the Court is directed to amend the case name to *Dixon v. Navarro*, 2:19-cv-01966-KJM-JDP.

1

court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated, and plaintiff has not demonstrated that he is likely to succeed on the merits. For these reasons, plaintiff's motion to appoint counsel, ECF No. 33, is denied without prejudice.

The court may revisit this issue at a later stage of the proceedings if the interests of justice so require. If plaintiff later renews his request for counsel, he should provide a detailed explanation of the circumstances that he believes justify appointment of counsel in this case.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 33, is denied without prejudice.

2. The Clerk of Court is directed to amend the case name to *Dixon v. Navarro*, 2:19-cv-01966-KJM-JDP.

IT IS SO ORDERED.

Dated:    October 20, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE