UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELMAR JEWELL DIXON, JR., | Case No. 2:19-cv-01966-KJM-JDP (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED |
| v. | |
| DANIEL NAVARRO, | ECF No. 44 |
| Defendant. | ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND TO DISMISS DEFENDANT'S REPLY |
| | ECF Nos. 43 & 46 |

Plaintiff Delmar Jewell Dixon, Jr. is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. He alleges that defendant Daniel Navarro violated his due process rights by reporting that plaintiff was conspiring to distribute a controlled substance in Mule Creek State Prison. Defendant Navarro has moved to dismiss this claim, ECF No. 44, and his motion should, for the reasons stated hereafter, be granted. Plaintiff, for his part, has moved both for early discovery, ECF No. 43, and to dismiss defendant's reply to his opposition to the motion to dismiss, ECF No. 47. Those motions will be denied.

1

1

2                                    **Motion for Discovery**

3          Plaintiff requests discovery that he argues is necessary to respond to defendant's

4  "responsive pleading."  ECF No. 43.  Plaintiff has not justified a need for early discovery.  If my

5  recommendations are not adopted and this case proceeds, I will set a schedule for discovery.  This

6  motion is denied.

7                                    **Motion to Dismiss Reply**

8          Plaintiff argues that defendant's reply to his opposition should be dismissed because he

9  disagrees with the positions taken by defendant therein.  ECF No. 47 at 1-2.  Defendant, as the

10  movant, is entitled to a reply.  Plaintiff is not entitled to a sur-reply, much less to strike a reply

11  with which he disagrees.  This motion is denied.

12                                **Defendant's Motion to Dismiss**

13          I.          Legal Standards

14          A complaint may be dismissed for "failure to state a claim upon which relief may be

15  granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a

16  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

17  *Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff

18  pleads factual content that allows the court to draw the reasonable inference that the defendant is

19  liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*,

20  550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it

21  requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at

22  678.

23          For purposes of dismissal under Rule 12(b)(6), the court generally considers only

24  allegations contained in the pleadings, exhibits attached to the complaint, and matters properly

25  subject to judicial notice, and construes all well-pleaded material factual allegations in the light

26  most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710

27  F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

28  Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal theory, or

1   (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956.

2   Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim.

3   *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

4           II.      Analysis

5           Defendant argues that the allegations in the complaint, taken as true, do not establish that

6   he was responsible for any violation of plaintiff's rights.  ECF No. 44-1 at 7.  I agree.  Plaintiff

7   alleges that defendant falsely accused him of planning to distribute drugs in the prison and that,

8   based on those false accusations, other non-defendant officials punished him.  ECF No. 22 at 9,

9   12.  In a § 1983 action, each defendant is liable only for his or her own actions.  *See Iqbal*, 556

10  U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff

11  must plead that each Government-official defendant, through the official's own individual

12  actions, has violated the Constitution.").  Plaintiff has not alleged that defendant was responsible

13  for punishing him.  Thus, the question is whether authoring a false report about an inmate,

14  standing alone, is sufficient to violate his due process rights.  I determine that it is not.

15          Other circuits have held that, standing alone, filing false disciplinary charges against an

16  inmate does not violate the inmate's constitutional rights.  *See, e.g.*, *Sprouse v. Babcock*, 870 F.2d

17  450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951-52 (2d Cir. 1986).  Courts in

18  this circuit and judges in this district have found the same.  *See Solomon v. Meyer*, No. 11-cv-

19  02827-JST (PR), 2014 U.S. Dist. LEXIS 9865, 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014);

20  *Johnson v. Felker*, No. 1:12-cv-02719 GEB KJN (PC), 2013 U.S. Dist. LEXIS 170474, 2013 WL

21  6243280, at *6 (E.D. Cal. Dec. 3, 2013).  I see no reason to distinguish, in this case, between false

22  disciplinary charges and a false report.

23          I find it unnecessary to reach defendant's other arguments and recommend that the motion

24  to dismiss be granted on this basis.

25          It is ORDERED that:

26          1.       Plaintiff's motion for discovery, ECF No. 43, is DENIED.

27          2.       Plaintiff's motion to dismiss defendant's reply, ECF No. 47, is DENIED.

28

Further, it is RECOMMENDED that:

1.      Defendant's motion to dismiss, ECF No. 44, be GRANTED.

2.      The claim against defendant Navarro be dismissed without leave to amend.

3.      The Clerk of Court be directed to close the case

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 23, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4